# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CURTIS D. KIRCHBERG, ET AL. | : | CIVIL ACTION NO.  13-2552 |
| VS. | : | JUDGE ROBERT G. JAMES |
| THE CITY OF ALEXANDRIA, ET AL. | : | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), are the following motions, 1) motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc. # 11] filed by the Pineville Police Department; 2) motion to dismiss all federal claims and all state law *LeJeune* claims of Kristina Kirchberg pursuant to Fed.R.Civ.P. 12(b)(6) [doc. # 12] filed by the City of Pineville; 3) motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc. # 14] filed by Donald Weatherford; 4) motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) & (6) [doc. # 28] filed by the United States, U.S. Deputy Marshal Gregory Ray, and deputized Federal Task Force Officer Michael Rennier; and 5) motion to dismiss for failure to comply pursuant to Fed.R.Civ.P. 12(e) [doc. # 31] filed by the City of Pineville.  The motions are unopposed and/or the deadlines to oppose the motions have long ago lapsed, with no response from plaintiffs.  *See* Pl. Responses [doc. #s 21-23] and Notices of Motion Setting [doc. #s 30 & 32].  For reasons assigned below, it is recommended that the City of Pineville's motion to dismiss [doc.# 31] be GRANTED, and that the complaint be STRICKEN, and the matter DISMISSED, in its entirety.  It is further recommended that the remaining motions be DENIED,

as moot.

## Background

On March 17, 2014, the court granted a motion for more definite statement filed by the City of Pineville, and allotted plaintiffs 14 days to redress the matter. *See* March 17, 2014, E-Order [doc. # 17]). On April 16, 2014, counsel for the City of Pineville sent a letter to plaintiffs' counsel advising him that it appeared that plaintiffs had not filed an amended complaint, as seemingly required by the court. *See* April 16, 2014, Letter from Randall Keiser to Jacob Fusilier; M/Dismiss, Exh. A. When, by May 12, 2014, plaintiffs still had not filed an amended complaint, the City of Pineville filed the instant motion to dismiss pursuant to Rule 12(e). The deadline to oppose the motion has long since lapsed, with no response from plaintiffs.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed.R.Civ.P. 12(e). In addition, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiffs from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v.*

2

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiffs have ignored a court order.  Further, because plaintiffs are proceeding in forma pauperis in this matter, they likely do not enjoy the financial resources to fund an alternative monetary sanction.[1]  Moreover, dismissal of the case may be the least sanction where, as here, plaintiffs are not actively pursuing their cause of action.  Finally, plaintiffs' unrepentant flaunting of court orders[2] reflects their own contumaciousness or "stubborn resistance to authority."[3]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' complaint be STRICKEN, and the matter

---

[1]  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[2]  This report and recommendation itself provides plaintiffs with further notice of their non-compliance.

[3]  *See Millan, supra.*

DISMISSED, in its entirety.  Fed.R.Civ.P. 12(e) and 41(b).[4]

IT IS FURTHER RECOMMENDED that the remaining motions [doc. #s 11, 12, 14, & 28] be DENIED, as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 21st day of October 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[4]  The court notes that plaintiffs' failure to amend their complaint implicates the ability of *all* defendants to respond to the complaint.  Thus, the pleading should be stricken and the matter dismissed as to all parties.  *See Lewis v. Lynn*, 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001) (it would be "incongruous" and "unfair" to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants) (citations omitted).

4